**Ricardo PADILLA, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 04-01-00527-CV.

Court of Appeals of Texas, San Antonio.

June 5, 2002.

Rehearing Overruled July 15, 2002.

---

Blas H. Delgado, San Antonio, for appellant.

Linda A. Acevedo, State Bar of Texas—Assistant Disciplinary Counsel, Austin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Ricardo G. Padilla ("Padilla") appeals his disbarment. Padilla raises three points of error, contending: (1) he was not given 45 days notice as required by rule 245 of the Texas Rules of Civil Procedure; (2) trial de novo in the district court was improper; and (3) the trial court improperly considered hearsay evidence in rendering its decision. We overrule each of Padilla's points of error and affirm the trial court's judgment.

### BACKGROUND

The Commission for Lawyer Discipline ("Commission") filed a disciplinary petition against Padilla based on a complaint filed by Jose G. Chavez Cabello ("Cabello"). The petition alleged that Padilla received notice of the suspension of his law license in relation to a different complaint on November 24, 1997, which suspension would run from January 20, 1998 to February 28, 1998. On February 19, 1998, Padilla was again sanctioned for an unrelated complaint with the suspension of his law license from March 1, 1998 to August 31, 1998.

In December of 1997, Padilla agreed to represent Cabello in a criminal matter. Padilla accepted payments on his retainer from Cabello on December 7 and 15, 1997, February 17, 1998, and March 15 and 16, 1998. The petition further alleged that Padilla failed to inform Cabello about his suspension until the day before the hearing on Cabello's criminal matter, forcing

the court to appoint an attorney to represent Cabello. After Padilla failed to represent Cabello at the hearing, he refused to return the retainer to Cabello. In addition, Padilla failed to respond to the complaint filed by Cabello with the grievance committee or to provide information requested by the committee. Finally, during the investigatory hearing by the committee, Padilla threatened to report Cabello to the immigration authorities if he did not withdraw his complaint.

After a hearing, the trial court found that Padilla had violated numerous disciplinary rules and ordered his disbarment. Padilla timely filed this appeal.

## NOTICE OF TRIAL SETTING

■ In his first point of error, Padilla contends that he was not given proper notice of the trial setting. The Commission counters that Padilla has waived this complaint by failing to make a proper objection.

At the commencement of the hearing, the trial court recited that Padilla was given notice of the hearing to be held on April 30, 2001, by registered mail on April 6, 2001, which Padilla received on April 11, 2001. The trial court further noted that Padilla's oral motion for continuance had been denied in a three-way telephone conversation approximately ten days before the hearing. In response to Padilla's statement that the hearing was to select a jury, the trial court noted that no request for a jury had been filed, and a subsequent review of the court's file supported the absence of a request.

In his brief, Padilla contends that he objected to a hearing by the judge and references the portion of the record in which the trial court discussed the absence of a jury request and the oral motion for continuance. However, Padilla's contention at the hearing with regard to the jury request was that one had been filed—a contention that the trial court's file disproved. In addition, the trial court stated that the ground upon which Padilla requested his continuance was that Padilla "had other matters to attend to and [he wasn't] ready."

In order to preserve a complaint for appellate review, an appellant must first make a timely request, objection, or motion in the trial court stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a). Neither of the record references provided by Padilla supports his contention that he presented his complaint regarding the rule 245 violation to the trial judge, and our review of the record revealed no specific complaint based on rule 245 or inadequate notice. Because Padilla failed to present his complaint regarding the rule 245 violation to the trial judge, any complaint he may have had on this point is waived. *See, e.g., In re Parker,* 20 S.W.3d 812, 818 (Tex.App.-Texarkana 2000, no pet.) (error resulting from trial judge's failure to provide parties proper notice under rule 245 is waived if party proceeds to trial and fails to object to lack of notice); *In re J.(B.B.)M.,* 955 S.W.2d 405, 408 (Tex.App.-San Antonio 1997, no pet.) (same); *State Farm Fire & Cas. Co. v. Price,* 845 S.W.2d 427, 431–32 (Tex. App.-Amarillo 1992, writ dism'd by agr.) (same).

## TRIAL DE NOVO

■ In his second point of error, Padilla contends that the district court erred in conducting a trial de novo. The Commission responds that any complaint about proceeding with a trial de novo was waived.

Under the Texas Rules of Disciplinary Procedure, an investigatory panel initially hears a grievance complaint. TEX.R. DISCI-

PLINARY P. 2.11, 2.13, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998). If a respondent is notified that an investigatory panel found just cause but a sanction was unable to be negotiated, the respondent may elect to have the complaint heard in district court instead of by an evidentiary panel by filing a written election. TEX.R. DISCIPLINARY P. 2.14, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998). If no written election is filed, the respondent is deemed to have elected to proceed before an evidentiary panel of the committee. TEX.R. DISCIPLINARY P. 2.14, 2.16, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998).

In order to preserve a complaint for appellate review, an appellant must first make a timely request, objection, or motion in the trial court stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a). Padilla did not make an objection to the district court proceeding with a trial de novo; therefore, his complaint is waived. In addition, the Commission is not required to plead compliance with rule 2.14 in order to establish the trial court's jurisdiction. *Favaloro v. Commission for Lawyer Discipline,* 13 S.W.3d 831, 835 (Tex.App.-Dallas 2000, no pet.). It necessarily follows, therefore, that in the absence of a complaint by the respondent, the Commission should not be required to prove such compliance.[1]

### HEARSAY

■ In his final point of error, Padilla contends that the trial court erred in considering hearsay evidence in rendering its decision. The Commission responds that Padilla waived this complaint by objecting only once during the witness's testimony. The Commission further responds that Padilla fails to articulate the manner in which the admission of the testimony caused him harm.

Padilla contends that the trial court erred in admitting hearsay testimony by Cabello's wife. The testimony of Cabello's wife spans close to fifty pages in the record. Without objection, Cabello's wife testified that she and her husband retained Padilla to represent her husband in a criminal matter in November or December of 1997, and began making payments toward a retainer. Cabello's wife testified that Padilla never informed them that his license was being suspended. Cabello's wife testified that additional payments were made in January, February and March of 1998, including one payment two days prior to her husband's hearing. Cabello's wife testified that one day before her husband's court appearance, Padilla brought a paper to their house informing them that he could not represent her husband because his license was suspended. Cabello's wife testified that her husband was represented at the hearing by a court-appointed attorney.

At this point, Cabello's wife began to testify regarding a threat Padilla had made to her father. The trial court overruled Padilla's objection on the basis that Cabello's wife stated that she was present when Padilla told her father that he was not going to repay any money and they should not try to process anything against him because it would cost them.

During cross-examination, Padilla, who represented himself, elicited testimony that Cabello's wife was not present in the office when Padilla entered into the retain-

---

1. The Commission's brief states that if the issue had been properly raised, the Commission would have provided the trial court with a copy of Padilla's written election. In addi-

tion, the Commission's attorney stated during oral argument that she could provide this court with a copy of Padilla's written election if required.

er agreement with her husband. Although Cabello's wife admitted that she was not present during the entire encounter between Padilla and her father, she stated that she overheard a portion of Padilla's response, including his intention not to repay anything. Padilla did not reurge his prior objection on the basis of hearsay. Padilla further elicited testimony from Cabello's wife that Padilla threatened to have her husband's "papers pulled" by the immigration authorities. Finally, Padilla elicited testimony from Cabello's wife that when Padilla brought the paper to her house stating that he could not represent her husband because his license had been suspended, Cabello's wife asked him to return the money if he did not intend to represent her husband in court. Cabello's wife testified that Padilla told her no and that if any charge was raised against him, he would let immigration know and take away her husband's papers.

■ The admission and exclusion of evidence is committed to the trial court's sound discretion; thus, we review this issue under an abuse of discretion standard. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). At the time the trial court made its ruling on Padilla's hearsay objection, the ruling was proper because the trial court noted that Cabello's wife testified that she was present when the statements were made by Padilla. *See* Tex.R. Evid. 801(e)(2) (admission of party-opponent not hearsay). Although on cross-examination, Cabello's wife testified that she was only present during a portion of the conversation, she continued to testify that she directly heard Padilla state that he did not intend to repay the money. Therefore, the portion of the testimony about which Padilla complains was not hearsay based on rule 801(e)(2). In addition, Padilla did not reurge his objection after Cabello's wife testified that she was

not present during the entire conversation. Finally, Cabello's wife testified on other occasions, without objection, that Padilla refused to return their retainer and threatened them; therefore, even if the trial court had erred in overruling Padilla's only hearsay objection, Padilla would be unable to show that such error probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1.

### CONCLUSION

The trial court's judgment is affirmed.