IN RE AH AND AV

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-211-CV

IN THE INTEREST OF 

A.H. AND A.V., MINOR CHILDREN

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Anthony V. appeals the trial court’s judgment terminating his parental rights to two children, A.H. and A.V.  In two issues, Appellant argues that the trial court violated rule of civil procedure 245 by setting the case for trial on less than forty-five days’ notice and that Appellant’s appointed trial counsel rendered ineffective assistance.  We affirm.

Factual and Procedural History

The Department of Family and Protective Services filed an original petition on July 27, 2005, seeking to terminate the parental rights of Appellant and the children’s mother.  The trial court appointed counsel for Appellant on  August 19, 2005. 

On January 19, 2006, the trial court held a permanency hearing; Appellant, who was incarcerated on drug charges, appeared through counsel.  At that hearing, the trial court set the case for trial on May 24, 2006. 

On May 11, 2006, the trial court held another permanency hearing, and Appellant appeared through counsel.  In its permanency hearing order, the trial court reset the case for trial on May 23, 2006, one day earlier than the initial setting.

When the case was called to trial on May 23, Appellant’s counsel made an oral motion for continuance, citing two grounds for postponing the trial:  First, the State had not considered Appellant’s mother as a candidate for custody of the children and second, counsel could not communicate with Appellant because was he incarcerated “for two or three months” before trial in different facilities.  The trial court denied Appellant’s motion. 

The case proceeded to trial.  Appellant testified that he was serving a prison sentence at the time of trial for possession of methamphetamine, that he bought, sold, and used illegal drugs while the children were in his care, and that he once drank to the point of alcohol poisoning while driving the children around in his car.  He also testified that he visited the children only five or six times after they were removed from his custody and completed none of the services in his service plan.  The trial court found that (1) Appellant knowingly placed or allowed the children to remain in conditions or surroundings that endangered the children’s physical or emotional well-being and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children’s physical or emotional well-being and terminated Appellant’s parental rights. 

Rule 245

In his first issue, Appellant argues that the trial court gave inadequate notice of trial under rule 245.  Under Rule 245, a trial court may set contested cases on the court’s own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial; provided, however, that when a case previously has been set for trial, the court may reset the case to a later date on any reasonable notice to the parties.  
Tex. R. Civ. P.
 245.

A party must timely and specifically object to insufficiency of notice under rule 245, or the error is waived.  
Padilla v. Comm’n for Lawyer Discipline, 
 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied); 
State Farm Fire & Cas. Co. v. Price
, 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism’d by agr.); 
Keith v. Keith
, No. 01-04-01214-CV, 2006 WL 2042500, at *3 (Tex. App.—Houston [1st Dist.] July 20, 2006, no pet. h.); 
see 
Tex. R. App. P.
 33.1.  The objection must be made before trial; a rule 245 objection made in a motion for new trial is untimely and preserves nothing for review.  
Orr v. Uniglobe Travel (N. Tex./Okla.), Ltd., 
No. 01-92-01259-CV,  1993 WL 495129, at *2 (Tex. App.—Houston [1st
 Dist.] December 2, 1993) (no pet.) (not designated for publication).

Appellant did not object to lack of adequate notice under rule 245 until he filed his motion for new trial.  Therefore, his objection was untimely and preserved nothing for review, and we overrule his first issue.

Ineffective Assistance of Counsel

In his second issue, Appellant argues that he was denied the effective assistance of counsel.  Specifically, Appellant argues that his appointed trial counsel was deficient for failing to file an admission of paternity or counterclaim to adjudicate paternity, failing to file a written and sworn motion for continuance, and failing to petition the trial court to continue the Department’s conservatorship.

To establish ineffective assistance of counsel, a party must show (1) that counsel’s performance was deficient and (2) that the deficient performance prejudiced the defense.  
In re M.S.
, 115 S.W.3d 534, 545 (Tex. 2003) (citing 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2062 (1984)).  With respect to whether counsel’s performance in a particular case is deficient, a court must take into account all of the circumstances surrounding the case and must primarily focus on whether counsel performed in a reasonably effective manner.  
Id.  
In this process, a court must give great deference to counsel’s performance, indulging a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel’s actions are strategic.  
Id.
  It is only when the conduct was so outrageous that no competent attorney would have engaged in it that the challenged conduct will constitute ineffective assistance.  
Id.
  To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel’s unprofessional error(s), the result of the proceeding would have been different.  
Id.
 at 549-50.

Assuming for the sake of argument that counsel’s performance was deficient under the first prong of the 
Strickland
 test, we hold that Appellant has failed to demonstrate that counsel’s performance prejudiced the defense.  First, although the trial court specifically found that Appellant failed to file an admission of paternity or a counterclaim for paternity, it also found that Appellant knowingly placed or allowed the children to remain in conditions that endangered the children’s physical and emotional well-being and engaged in conduct that endangered the children’s physical and emotional well-being.  Either of the latter two findings was sufficient to support the trial court’s termination order.  
See
 
Tex. Fam. Code Ann.
 § 161.001(1)(D), (E) (Vernon Supp. 2006).

Second, with regard to counsel’s failure to file a written motion for continuance, we note that the trial court entertained counsel’s oral motion for continuance on the day of trial and inquired of the parties whether a continuance was in the best interest of the children.  Thus, we cannot say that a written, sworn motion for continuance would have had any greater effect.  Appellant argues that counsel’s failure to obtain a continuance prevented him from developing a trial strategy or marshaling evidence, but he does not explain why the ten months between the date the Department filed its petition and the date of trial was not enough time to prepare for trial.  Appellant was incarcerated beginning in January 2006 through the time of trial, and counsel stated on the record that he had difficulty locating and communicating with Appellant.  But Appellant has not shown that counsel’s failure to file a written and sworn motion for continuance prejudiced the defense.

Appellant’s third allegation of counsel’s deficient performance fails for the same reasons as his second.  A trial court may retain a termination case on its docket for up to 180 days after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator if the court finds that extraordinary circumstances necessitate the child remaining in the Department’s temporary managing conservatorship and that such an extension is in the child’s best interest.  
Tex. Fam. Code. Ann.
 § 263.401(a), (b) (Vernon Supp. 2006).  Appellant argues that his incarceration and inability to communicate with counsel presented such an extraordinary circumstance.  But Appellant does not explain how an extra 180 days to prepare for trial would have resulted in a different outcome, especially in light of the fact that Appellant had over half a year to prepare for trial before his incarceration.

We hold that Appellant has failed to demonstrate prejudice arising from counsel’s alleged ineffective assistance, and we overrule his second issue.

Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment. 

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  November 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.