COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-211-CV

 

 

IN THE INTEREST OF 

 

 

 

A.H. AND A.V., MINOR CHILDREN



 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Anthony V. appeals
the trial court=s judgment
terminating his parental rights to two children, A.H. and A.V.  In two issues, Appellant argues that the
trial court violated rule of civil procedure 245 by setting the case for trial
on less than forty-five days= notice and that Appellant=s appointed trial counsel rendered ineffective assistance.  We affirm.








                                Factual and Procedural History

The Department of Family and
Protective Services filed an original petition on July 27, 2005, seeking to
terminate the parental rights of Appellant and the children=s mother.  The trial court
appointed counsel for Appellant on 
August 19, 2005. 

On January 19, 2006, the
trial court held a permanency hearing; Appellant, who was incarcerated on drug
charges, appeared through counsel.  At
that hearing, the trial court set the case for trial on May 24, 2006. 

On May 11, 2006, the trial
court held another permanency hearing, and Appellant appeared through
counsel.  In its permanency hearing
order, the trial court reset the case for trial on May 23, 2006, one day
earlier than the initial setting.

When the case was called to
trial on May 23, Appellant=s counsel made an oral motion for continuance, citing two grounds for
postponing the trial:  First, the State
had not considered Appellant=s mother as a candidate for custody of the children and second,
counsel could not communicate with Appellant because was he incarcerated Afor two or three months@ before trial in different facilities. 
The trial court denied Appellant=s motion. 








The case proceeded to
trial.  Appellant testified that he was
serving a prison sentence at the time of trial for possession of
methamphetamine, that he bought, sold, and used illegal drugs while the
children were in his care, and that he once drank to the point of alcohol
poisoning while driving the children around in his car.  He also testified that he visited the
children only five or six times after they were removed from his custody and
completed none of the services in his service plan.  The trial court found that (1) Appellant
knowingly placed or allowed the children to remain in conditions or
surroundings that endangered the children=s physical or emotional well-being and (2) engaged in conduct or
knowingly placed the children with persons who engaged in conduct that
endangered the children=s physical
or emotional well-being and terminated Appellant=s parental rights. 

                                              Rule 245

In his first issue, Appellant
argues that the trial court gave inadequate notice of trial under rule
245.  Under Rule 245, a trial court may
set contested cases on the court=s own motion, with reasonable notice of not less than forty‑five
days to the parties of a first setting for trial; provided, however, that when
a case previously has been set for trial, the court may reset the case to a
later date on any reasonable notice to the parties.  Tex.
R. Civ. P. 245.








A party must timely and
specifically object to insufficiency of notice under rule 245, or the error is
waived.  Padilla v. Comm=n for Lawyer Discipline,  87 S.W.3d 624, 626 (Tex. App.CSan Antonio 2002, pet. denied); State Farm Fire & Cas. Co. v.
Price, 845 S.W.2d 427, 432 (Tex. App.CAmarillo 1992, writ dism=d by agr.); Keith v. Keith, No. 01‑04‑01214‑CV,
2006 WL 2042500, at *3 (Tex. App.CHouston [1st Dist.] July 20, 2006, no pet. h.); see Tex. R. App. P. 33.1.  The objection must be made before trial; a
rule 245 objection made in a motion for new trial is untimely and preserves
nothing for review.  Orr v. Uniglobe
Travel (N. Tex./Okla.), Ltd., No. 01‑92‑01259‑CV,  1993 WL 495129, at *2 (Tex. App.CHouston [1st Dist.] December 2, 1993) (no pet.) (not designated for
publication).

Appellant did not object to
lack of adequate notice under rule 245 until he filed his motion for new
trial.  Therefore, his objection was
untimely and preserved nothing for review, and we overrule his first issue.

                              Ineffective Assistance of Counsel

In his second issue,
Appellant argues that he was denied the effective assistance of counsel.  Specifically, Appellant argues that his
appointed trial counsel was deficient for failing to file an admission of
paternity or counterclaim to adjudicate paternity, failing to file a written
and sworn motion for continuance, and failing to petition the trial court to
continue the Department=s
conservatorship.








To establish ineffective
assistance of counsel, a party must show (1) that counsel=s performance was deficient and (2) that the deficient performance
prejudiced the defense.  In re M.S.,
115 S.W.3d 534, 545 (Tex. 2003) (citing Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2062 (1984)). 
With respect to whether counsel=s performance in a particular case is deficient, a court must take
into account all of the circumstances surrounding the case and must primarily
focus on whether counsel performed in a reasonably effective manner.  Id. 
In this process, a court must give great deference to counsel=s performance, indulging a strong presumption that counsel=s conduct falls within the wide range of reasonable professional
assistance, including the possibility that counsel=s actions are strategic.  Id.  It is only when the conduct was so outrageous
that no competent attorney would have engaged in it that the challenged conduct
will constitute ineffective assistance.  Id.  To establish prejudice, an appellant must
show that there is a reasonable probability that, but for counsel=s unprofessional error(s), the result of the proceeding would have
been different.  Id. at 549-50.








Assuming for the sake of
argument that counsel=s
performance was deficient under the first prong of the Strickland test,
we hold that Appellant has failed to demonstrate that counsel=s performance prejudiced the defense. 
First, although the trial court specifically found that Appellant failed
to file an admission of paternity or a counterclaim for paternity, it also
found that Appellant knowingly placed or allowed the children to remain in
conditions that endangered the children=s physical and emotional well-being and engaged in conduct that
endangered the children=s physical
and emotional well-being.  Either of the
latter two findings was sufficient to support the trial court=s termination order.  See
Tex. Fam. Code Ann. ' 161.001(1)(D), (E) (Vernon Supp. 2006).

Second, with regard to
counsel=s failure to file a written motion for continuance, we note that the
trial court entertained counsel=s oral motion for continuance on the day of trial and inquired of the
parties whether a continuance was in the best interest of the children.  Thus, we cannot say that a written, sworn
motion for continuance would have had any greater effect.  Appellant argues that counsel=s failure to obtain a continuance prevented him from developing a
trial strategy or marshaling evidence, but he does not explain why the ten
months between the date the Department filed its petition and the date of trial
was not enough time to prepare for trial. 
Appellant was incarcerated beginning in January 2006 through the time of
trial, and counsel stated on the record that he had difficulty locating and
communicating with Appellant.  But
Appellant has not shown that counsel=s failure to file a written and sworn motion for continuance
prejudiced the defense.








Appellant=s third allegation of counsel=s deficient performance fails for the same reasons as his second.  A trial court may retain a termination case
on its docket for up to 180 days after the first anniversary of the date the
court rendered a temporary order appointing the Department as temporary
managing conservator if the court finds that extraordinary circumstances
necessitate the child remaining in the Department=s temporary managing conservatorship and that such an extension is in
the child=s best
interest.  Tex. Fam. Code. Ann. ' 263.401(a), (b) (Vernon Supp. 2006).  Appellant argues that his incarceration and
inability to communicate with counsel presented such an extraordinary
circumstance.  But Appellant does not
explain how an extra 180 days to prepare for trial would have resulted in a
different outcome, especially in light of the fact that Appellant had over half
a year to prepare for trial before his incarceration.

We hold that Appellant has
failed to demonstrate prejudice arising from counsel=s alleged ineffective assistance, and we overrule his second issue.

                                             Conclusion

Having overruled both of
Appellant=s issues, we
affirm the trial court=s judgment.    

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  November 30, 2006











[1]See Tex. R. App. P. 47.4.