**Opinion issued October 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00659-CV

————————————

## TODD SIMMONS, Appellant

## V.

## MITEL LEASING, INC. F/K/A INTER-TEL LEASING, INC., Appellee

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-65027**

---

## MEMORANDUM OPINION

In this breach of lease case, Mitel Leasing, Inc. *f/k/a* Inter-Tel Leasing, Inc.

("Mitel Leasing") sued Todd Simmons as the personal guarantor on a lease for

business personal property. At trial, Simmons, acting pro se, allegedly informed

the trial court that he had received only fourteen days' notice of the trial setting, and he orally moved for a continuance. The trial court denied this request, the case proceeded to trial, and Simmons participated in the trial. After the trial court ruled against him, Simmons retained counsel and moved for a new trial. The trial court denied this motion. In two issues, Simmons contends that he did not receive forty-five days' notice of the trial setting as required by Texas Rule of Civil Procedure 245, and, therefore, the trial court abused its discretion in denying his motion for new trial.

We affirm.

## Background

In June 2004, Shirley Pepper, the executive vice president of Internet Tech Services, Inc. ("Internet Tech"), and Simmons, the chief operating officer, executed a lease agreement with Mitel Leasing on behalf of Internet Tech. Under the initial lease agreement, Internet Tech leased communications equipment from Mitel Leasing for a period of thirty-six months. Both Pepper and Simmons personally guaranteed Internet Tech's performance of its lease obligations. The parties supplemented the lease agreement on several occasions over the next few years, with Internet Tech leasing additional equipment from Mitel Leasing and the parties agreeing to extend the lease period. Eventually, Internet Tech stopped making payments under the lease.

2

On October 4, 2010, Mitel Leasing sued Internet Tech as lessee and Simmons and Pepper as guarantors. Mitel Leasing alleged that, under the lease agreement, Internet Tech, Simmons, and Pepper owed $37,093.19 in past and future rental payments for the equipment. It is undisputed that Mitel Leasing effectuated service of citation only as to Simmons.

Simmons, acting pro se, timely answered on December 1, 2010. He alleged that he had resigned from Internet Tech in January 2009 and that Internet Tech had no assets and had permanently ceased doing business on June 30, 2010.

The parties tried the case before the court on March 6, 2012. At trial, Simmons allegedly informed the trial court that he did not receive notice of the trial setting until February 22, 2012, fourteen days before trial, and he orally moved for a continuance. The trial court denied this request and proceeded with trial. Simmons participated in the trial. He did not present a reporter's record of the trial to this Court.

After the trial court announced that it would render judgment in favor of Mitel Leasing, Simmons retained counsel and moved for a new trial on March 28, 2012, prior to entry of final judgment. In his affidavit in support of his motion, Simmons averred that, after he made his initial appearance via his answer on December 1, 2010, he received no further information from either Mitel Leasing's counsel or the trial court concerning the trial setting until February 22, 2012, when

3

he received a "reminder" notice that trial was set for March 5, 2012. Simmons averred that he immediately called the court coordinator and asked if he could request a continuance or appear by phone because he was scheduled to be out of state for work on the trial date. He further averred that the court coordinator informed him that he had to appear in person on March 5, 2012;[1] that he did appear for trial and explained to the court that "due to the lack of notice of the trial setting [he] was unprepared for trial and requested a continuance of trial and the continuance was denied"; and that, after the trial court found in favor of Mitel Leasing, he retained counsel to move for a new trial.

On May 4, 2012, the trial court rendered final judgment in favor of Mitel Leasing for $33,695.85 due under the lease, pre- and post-judgment interest, and court costs.

On May 16, 2012, Mitel Leasing responded to Simmons' new trial motion. It argued that, although Simmons claimed that he did not receive timely notice of the trial setting, the trial court's docket control order "indicates that it was mailed to Defendant Todd Simmons at [his home address] on or about June 14, 2011 and provided the Defendant with notice of all future deadlines and trial settings in this matter." Mitel Leasing also noted that the address listed for Simmons on the

---

[1] Simmons then called the court coordinator on March 2, 2012, to confirm the trial date of March 5. The court coordinator confirmed that date but then called Simmons back to inform him that the court had set trial for March 6, 2012.

docket control order was the same address used for the setting reminder and used by Simmons himself when he filed his answer.

The trial court held a hearing on Simmons' new trial motion on May 18, 2012. Simmons testified that after he answered he did not have any contact with Mitel Leasing's attorney until the date of trial. He stated that he first learned of the March 5, 2012 trial date on February 22, 2012, when he received the setting reminder via regular mail. He further stated that he first saw the trial court's docket control order when his counsel showed it to him on the date of the new trial hearing. He testified that he never threw away any mail sent to him from the court.

The trial court, upon reviewing the setting reminder, noted that "the date it was generated, which is usually the date it's sent out by the clerk's office, is January 5, 2012." Simmons acknowledged this, but again testified that he did not actually receive the reminder until February 22, 2012, and that there was never more than a five-day period in which he did not check his mail. Simmons testified that he raised the notice issue with the trial court on March 6, 2012, and moved for a continuance, which the trial court denied. On cross-examination, Simmons acknowledged that he did not contact an attorney after receiving the setting reminder and that he did not file a written motion for continuance.

Mitel Leasing did not present any evidence at this hearing. Instead, its counsel argued:

5

> I received my notice timely of the trial setting. The presumption is that the address was correct on the defendant's notice and the presumption was that the defendant received his; but I have no way of saying that he did or did not, obviously.

> I would only further add that the defendant came, appeared at trial, conducted the proceeding and even called and brought on additional witnesses and, therefore, conducted the trial proceeding; and the court awarded judgment against him.

The trial court denied Simmons' motion for new trial.

Simmons then filed a "supplemental" motion for new trial on May 29, 2012, again arguing that he was entitled to a new trial because he did not receive forty-five days' notice of the trial setting pursuant to Rule 245. Simmons also argued that this case should be treated as a post-answer default judgment, and, as such, the trial court should apply the three-factor test of *Craddock v. Sunshine Bus Lines, Inc.* to grant a new trial. *See* 133 S.W.2d 124, 126 (Tex. 1939).

Simmons also attached a more detailed affidavit that substantially tracked his testimony at the May 18, 2012 new trial hearing. He averred that he usually checked his mail at his home address in San Marcos daily, but, at the least, he checked his mail every five days. He again averred that he did not receive notice of the March 5, 2012 trial setting until February 22, 2012. He claimed that he was unable to adequately prepare for trial due to this short notice. He also averred that he never received a copy of the court's docket control order, which had a notation that the court generated the order on June 14, 2011, and that he did not see a copy

6

of this document until his counsel showed it to him at the new trial hearing. He reiterated that he did not receive notice of the trial setting until February 22, 2012, that he never threw away any mail from the court or Mitel Leasing's counsel, and that the only mail he ever received from the court was the setting reminder. Simmons further averred that he did not have the financial resources to hire an attorney at the time he filed an answer, but it was never his intention to proceed to trial without representation, and he would have retained counsel earlier than he did if he had had proper notice of the trial setting.

After a non-evidentiary hearing, the trial court denied Simmons' supplemental new trial motion, and this appeal followed.

## Proper Notice of Trial Setting

In his first issue, Simmons contends that the trial court erred when it conducted the trial without giving him forty-five days' notice of the first trial setting. In his second issue, Simmons contends that the trial court erroneously denied his motion for new trial on this basis. We consider these issues together.

### A.    *Standard of Review*

We review the denial of a motion for new trial for an abuse of discretion. *Ashworth v. Brzoska*, 274 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or fails to correctly analyze or apply the law.

*Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

**B.      *Notice of Trial Setting***

When a defendant makes an appearance in a case, such as by filing an answer, the defendant is entitled to notice of the trial setting as a matter of due process.  *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.).  Rule 245 provides:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

TEX. R. CIV. P. 245.  The forty-five-day notice provision of Rule 245 is mandatory. *Custom-Crete*, 82 S.W.3d at 659; *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.); *Hardin v. Hardin*, 932 S.W.2d 566, 567 (Tex. App.—Tyler 1995, no writ).  A trial court's failure to comply with the notice provision of Rule 245 in a contested case "deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process."  *Custom-Crete*, 82 S.W.3d

8

at 659 (citing *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.)).  Failure to give proper notice is therefore grounds for reversal.  *Id.*

However, a party waives any error resulting from the trial court's failure to comply with Rule 245 if he proceeds to trial and fails to object to the lack of notice.  *Id.* at 658; *In re Marriage of Parker*, 20 S.W.3d at 818; *In re J.(B.B.)M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.); *see also State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism'd) ("By failing to timely and specifically object to the first setting on the basis of insufficiency of notice under rule 245, State Farm failed to preserve any error for our review.").  "A party may waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice."  *Custom-Crete*, 82 S.W.3d at 659.

In *In re J.(B.B.)M.*, the appellant contended that, prior to a hearing to terminate her parental rights, she moved for a continuance "based upon lack of adequate notice and the unavailability of her retained attorney."  955 S.W.2d at 408.  The record before the San Antonio Court of Appeals did not contain a written motion or supporting affidavit, and the appellant acknowledged that "no record of the oral motion was made."  *Id.*; *see also* TEX. R. CIV. P. 251 ("No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by

9

consent of the parties, or by operation of law."); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd) (holding that when appellant's motion for continuance did not comply with Rule 251 because it was not verified, appellate court must presume that trial court did not abuse its discretion in denying motion). The San Antonio Court of Appeals noted that the appellant appeared at the hearing with substitute counsel, who participated in the hearing by presenting argument and cross-examining witnesses. *In re J.(B.B.)M.*, 955 S.W.2d at 408. The court concluded that, "[b]y failing to properly object to the short notice of the trial setting and by proceeding to trial, [the appellant] has not preserved [the improper notice] issue for appellate review." *Id.*; *see also Guyot v. Guyot*, 3 S.W.3d 243, 246 (Tex. App.—Fort Worth 1999, no pet.) ("[A] point on appeal based on a trial court's ruling on a motion, request, or objection must be supported by a showing in the record that the motion, request, or objection was presented to and acted upon by the trial court.").

This case is factually analogous to *In re J.(B.B.)M.* Here, Simmons contends that at trial on March 6, 2012, he informed the trial court that he did not receive notice of the trial setting until February 22, 2012, and he orally moved for a continuance. Simmons did not file a written motion for continuance or a

supporting affidavit and, thus, did not comply with Rule 251.[2]  *See* TEX. R. CIV. P. 251 (requiring motions for continuance to be supported by affidavit); *Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2005, no pet.) ("The motion for continuance was not in writing and was not in compliance with Rule 251 of the Texas Rules of Civil Procedure, therefore, the oral request for a continuance did not preserve error."); *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (holding same when appellant presented oral motion for continuance without supporting affidavit).

After the trial court denied the motion for continuance and began the trial on the merits of the case, Simmons participated in the trial. He has not presented to this Court a record of the trial proceedings. The burden is on Simmons, as the appellant, to ensure that a sufficient record is presented to show error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (holding that appellant must either comply with rule of appellate procedure relating to partial reporter's record or file complete reporter's record; otherwise, appellate court will presume that omitted portions are relevant to disposition of

---

[2]     To the extent Simmons contends that he should not have been required to comply with the procedural rules concerning motions for continuance because he was acting pro se at the time, we note that "pro se litigants are not exempt from the rules of procedure." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720, 723 (Tex. App.—El Paso 2011, no pet.) (holding same and noting that allowing otherwise "could give a *pro se* litigant an unfair advantage over litigants represented by counsel").

appeal); *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (agreeing with appellee that appellant's failure to obtain reporter's record "makes it impossible to establish that the trial court abused its discretion"); *see also Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding, when addressing sufficiency of evidence contentions, that because appellant did not file complete reporter's record or comply with procedures for partial reporter's record, court would "presume the omitted portions of the reporter's record support the judgment").

Because Simmons has not presented a record to this Court demonstrating that he properly objected to the trial court's failure to give forty-five days' notice of the trial setting and because he proceeded to participate in the trial on the merits, we follow *In re J.(B.B.)M.* and hold that Simmons has not preserved his issues for appellate review. *See* 955 S.W.2d at 408; *see also Padilla v. Comm'n for Lawyer Discipline*, 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied) ("Neither of the record references provided by Padilla supports his contention that he presented his complaint regarding the rule 245 violation to the trial judge, and our review of the record revealed no specific complaint based on rule 245 or inadequate notice. Because Padilla failed to present his complaint regarding the

rule 245 violation to the trial judge, any complaint he may have had on this point is waived.").

We overrule Simmons' first and second issues.[3]

---

[3] Simmons also contends that his case should be treated like a post-answer default judgment case, and, as such, we should apply the *Craddock* factors in determining whether he is entitled to a new trial. Even if we address this issue, which we need not reach because Simmons failed to preserve his lack-of-notice complaint, Simmons has provided no authority to support the proposition that *Craddock* is applicable to this case in which both parties participated in a trial on the merits. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) ("Our purpose in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available. But when our rules provide the defaulting party a remedy, *Craddock* does not apply.") (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)); *LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989) (per curiam) ("[W]e agree that *Craddock* has no application here because the case was tried on the merits . . . ."); *see also Velasco v. Ayala*, 312 S.W.3d 783, 791 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding, when party was represented by attorney ad litem and trial on merits was conducted, that "the trial court's decree is not a true default judgment"); *In re K.C.*, 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet. denied) (holding, when party's attorney, but not party, appeared for trial and trial on merits was conducted, that "there was no default and no basis for applying *Craddock*"). Moreover, Simmons has failed to provide a reporter's record of the March 6, 2012 trial; thus, we have no record of what actually occurred in the proceeding held on this date. Simmons argues that this case should be considered a post-answer default judgment case, but he has not supplied a record substantiating that contention.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.