**Affirmed and Opinion filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00782-CV

## MICHAEL ABEND, Appellant

V.

## FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1052010**

## O P I N I O N

In this forcible detainer action, the county court signed a final judgment for possession in favor of appellee Federal National Mortgage Association (Fannie Mae) against appellant Michael Abend and others. In a single issue, Abend contends that the county court erred by resolving the de novo appeal from justice court without Abend having forty-five days' notice of the trial setting as required by Rule 245 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 245. Fannie Mae responds that (1) Abend failed to preserve any complaint for appeal

about the adequacy of the notice of the trial setting, and (2) Abend received adequate notice because Rule 510.12 controls this action instead of Rule 245. *See* Tex. R. Civ. P. 510.12 ("An eviction case appealed to county court will be subject to trial at any time after the expiration of 8 days after the date the transcript is filed in the county court.").

Because we determine that Abend has failed to preserve the error alleged, we do not reach whether Rule 510.12 governs the notice of trial setting in the appeal of an eviction action.[1] We affirm.

## I. BACKGROUND

Fannie Mae filed a forcible detainer action against Abend and others. Following an August 2014 bench trial, at which Abend appeared, the justice court entered a judgment of possession for Fannie Mae. Abend appealed to the county court. The clerk's record before this court, consisting of the record from justice court and the written matters in county court, does not contain any answer filed by Abend.[2] On August 26, 2014, the county court gave notice that the matter was set

---

[1] The Fort Worth Court of Appeals has determined that, given the unique rules governing forcible entry and detainer, as well as the purpose of those rules to effect a speedy resolution to possession, Rule 753 (now Rule 510.12) controls to the exclusion of Rule 245. *See Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.); *see also Cunningham v. Anglin*, No. 05-10-01023-CV, 2011 WL 3557951, at *3 (Tex. App.—Dallas Aug. 12, 2011, no pet.) (mem. op.); *Carroll v. Bank of N.Y.*, No. 10-03-00319-CV, 2005 WL 241224, at *2 (Tex. App.—Waco Feb. 2, 2005, no pet.) (mem. op.). However, some courts have applied Rule 245 to eviction matters without discussion of Rule 510.12 or its predecessor. *See Raines v. Gomez*, 118 S.W.3d 875, 877 (Tex. App.—Texarkana 2003, no pet.) (reversing for failure of the trial court to provide proper notice of the trial setting under Rule 245); *Johnson v. Mohammed*, No. 03-10-00763-CV, 2013 WL 1955862, at *4–5 (Tex. App.—Austin May 10, 2013, pet. dism'd w.o.j.) (mem. op.) (finding error to set a forcible entry and detainer case for trial with less than the Rule 245 notice, but error not preserved). It does not appear that this court has addressed the issue.

[2] We assume for purposes of analysis, as do the parties in their appellate briefing, that Abend was entitled to some notice of the trial notwithstanding the apparent failure of Abend to file an answer. *See Turner v. Ward*, 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ)

for trial on September 22, 2014. Abend does not contest that he received the August 26 notice.

The county court signed a judgment for possession on September 22, 2014, noting that Abend, "although being duly noticed to appear herein, did not appear in person or through counsel." In his appellate brief, however, Abend contends that he appeared at the September 22, 2014 hearing and objected to the trial date "as Appellant did not receive 45 days' notice of the trial date." However, there is no reporter's record of the September 22, 2014 proceeding.

## II. PRESERVATION OF ERROR

Abend complains that he did not receive forty-five days' notice of the county court's September 22, 2014 trial. Abend does not complain that he did not receive the notice at all. He agrees that he received notice of the trial on August 26, 2014, which gave him no more than twenty-seven days' notice.

To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must object to the untimely notice. *See In re Dorner*, No. 06-14-00005-CV, 2014 WL 3737961, at *1–2 (Tex. App.—Texarkana June 6, 2014, no pet.) (mem. op.); *In re A.H.*, No. 2-06-211-CV, 2006 WL 3438179, at *1–2 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op.); *Stallworth v. Stallworth*, 201 S.W.3d 338, 346-47 (Tex. App.—Dallas 2006, no pet.); *Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Padilla v. Comm'n for Lawyer Discipline*, 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 431-32 (Tex. App.—Amarillo 1992, writ dism'd by agr.); *see also City of Houston v. Revels*, No. 14-99-00139-CV, 2001 WL 699546, at *4 (Tex. App.—Houston

---

(noting that when a party has answered the lawsuit, such party is entitled to notice of trial pursuant to Rule 245).

[14th Dist.] June 21, 2001, pet. denied) (mem. op.) (not designated for publication).

Abend does not point us to any objection in the county court about the sufficiency of the notice of the trial setting. Although Abend urges that he appeared at the trial and complained about the sufficiency of notice, nothing in the record supports the assertion, and a recital in the judgment contradicts it. There is nothing in the record to suggest that Abend filed an objection or otherwise sought a continuance of the trial. There is no reporter's record and, thus, Abend's purported objection is not documented. Abend cannot complain on appeal about errors that are not preserved. *See* Tex. R. App. P. 33.1(a). We conclude that any error in the adequacy of the notice of trial is not preserved on this record.

### III. CONCLUSION

Because we have determined that Abend failed to preserve the error of which he complains on appeal, we affirm the county court's judgment.


/s/      Sharon McCally
Justice


Panel consists of Justices Boyce, McCally, and Donovan.

4