

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00041-CV

**TEMPLETON MORTGAGE CORPORATION**,
Appellant

v.

Gary M. **POENISCH**,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 10-422-A
Honorable Bill Palmer, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  November 18, 2015

AFFIRMED

Appellant Templeton Mortgage Corporation appeals from a default judgment rendered in favor of appellee Gary M. Poenisch.  On appeal, Templeton contends the trial court erred in rendering a default judgment in favor of Poenisch because Templeton did not receive the required notice of the hearing and the service it received was defective.  According to Templeton, the lack of proper notice and defective service deprived it of due process.  We affirm the trial court's judgment.

BACKGROUND

A detailed rendition of the facts is unnecessary for the disposition of this appeal. Accordingly, we provide a brief statement of the facts for context and as necessary to dispose of the issues raised by Templeton.

Michael Middleton brought suit against Templeton with regard to ownership of certain real property. Templeton filed an answer. Poenisch ultimately intervened because he held title to a portion of the real property at issue by virtue of a deed from Middleton.

Before the case went to judgment, Templeton's attorneys withdrew. Because corporations generally must be represented by licensed counsel,[1] on August 18, 2014, the trial court ordered Templeton to obtain new counsel no later than September 26, 2014. The trial court specifically stated in its order that if new counsel did not file an appearance on behalf of Templeton by September 26, 2014, Templeton's pleadings "will be struck, and [Poenisch] . . . will be entitled to move for a default judgment." Templeton failed to comply with the trial court's order.

According to the certificate of service, Poenisch served Templeton with his motion for default judgment and request for severance on October 9, 2014 — the motion is file-stamped October 10, 2014. On October 10, 2014, the trial court signed an order setting the hearing on Poenisch's motion for October 15, 2014. Templeton admits it was served with a copy of the order setting the hearing.

On October 15, 2014, the trial court held a hearing on Poenisch's motion for default judgment and request for severance. At the beginning of the hearing, the trial court noted that Templeton had failed to obtain new counsel, thereby failing to comply with the court's prior order.

---

[1] Generally, in Texas, corporations must be represented by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 521 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.).

Accordingly, the court ruled, "[S]ince [Templeton] ha[s]n't gotten an attorney as of this date, then I'll strike [its] answer, which lets . . . you go forward with a default." Thereafter, the trial court permitted Poenisch to proceed with his motion for a no-answer default judgment. Ultimately, the trial court granted a default judgment in favor of Poenisch, as well as his request for severance. Templeton filed a motion for new trial, which was overruled by operation of law. Templeton subsequently perfected this appeal.

## ANALYSIS

On appeal, Templeton contends it was denied due process. More specifically, Templeton argues the trial court erred in granting a default judgment in favor of Poenisch because: (1) it did not receive forty-five days' notice of the default judgment hearing as required by Rule 245 of the Texas Rules of Civil Procedure; and (2) the service of the order setting the hearing was defective because the certificate of service is facially invalid under Rule 21(d) of the Texas Rules of Civil Procedure.

### *Notice Under Rule 245*

Before we conduct a substantive analysis, we address Poenisch's contention that Templeton has waived its complaint regarding lack of notice under Rule 245. Rule 245 of the Rules of Civil Procedure provides that a trial court may set contested cases on the court's own motion or upon written request of a party "with reasonable notice of not less than forty-five days to the parties of a first setting for trial." TEX. R. CIV. P. 245. The forty-five day notice provision is mandatory. *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). Failure to give the notice, when required, results in a violation of fundamental due process. *In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014); *Custom-Crete, Inc.*, 82 S.W.3d at 659. However, notice under Rule 245 is waived if not properly preserved. *See, e.g., Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 885 (Tex. App.—Houston [14th Dist.] 2015,

no pet.); *Stallworth v. Stallworth*, 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.); *Custom-Crete, Inc.*, 82 S.W.3d at 658; *Padilla v. Comm'n for Lawyer Discipline*, 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied). To preserve a complaint regarding lack of notice under Rule 245, the complaining party must make an objection to the untimely notice. *E.g., Abend*, 466 S.W.3d at 885; *Stallworth*, 201 S.W.3d at 346; *Custom-Crete, Inc.*, 82 S.W.3d at 658; *Padilla*, 87 S.W.3d at 626. Absent a proper objection, nothing is preserved for appellate review. *E.g., Abend*, 466 S.W.3d at 885; *Stallworth*, 201 S.W.3d at 346; *Custom-Crete, Inc.*, 82 S.W.3d at 658; *Padilla*, 87 S.W.3d at 626. And as is applicable here, a party waives its Rule 245 complaint by failing to take action when it "receives some, but less than forty-five days', notice." *Custom-Crete, Inc.*, 82 S.W.3d at 659.

The record establishes, and Templeton admits in its appellate brief, that it received notice on October 9th that the default judgment hearing was set for October 15, 2014 — "[Templeton] received the notice on October 9, 2014, just seven days before the hearing on default judgment[.]" However, despite receiving notice, Templeton neither appeared at the hearing nor raised any pretrial objection to a lack of sufficient notice under Rule 245. Moreover, Templeton did not raise the Rule 245 argument in its motion for new trial. In its motion for new trial, Templeton asserted that if a court signs a default judgment against a defendant who was not given proper notice, the defendant is deprived of due process. In support of this assertion, Templeton cited *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989). That case, however, is not a Rule 245 notice case; rather, *LBL Oil Co.* involved a claim that the plaintiff sued and served the wrong entity. 777 S.W.2d at 390–91. Templeton, rather than arguing lack of sufficient notice under Rule 245, argued the alleged conflict between the date the order setting the hearing was signed and the date it was allegedly served pursuant to the certificate of service. It also claimed a complete lack

of service, but the record, as well as Templeton's own statement in its appellate brief, is to the contrary.

Based on the foregoing, we agree with Poenisch that Templeton failed to preserve its Rule 245 notice complaint for our review. *See, e.g.*, *Abend*, 466 S.W.3d at 885; *Stallworth*, 201 S.W.3d at 346; *Custom-Crete, Inc.*, 82 S.W.3d at 658–59; *Padilla*, 87 S.W.3d at 626. However, even if Templeton had preserved this complaint for our review, we hold that does not entitle Templeton to a reversal.

As noted above, Rule 245 specifically states that in "contested cases," i.e., cases in which an answer has been filed, forty-five days' notice of the first trial setting is required. However, the rule goes on to provide that "noncontested cases," i.e., cases in which no answer has been filed, "may be tried or disposed of at any time whether set or not, and may be set at any time for any other time." TEX. R. CIV. P. 245; *see Grant v. Grant*, No. 04-12-00315-CV, 2015 WL 5438949, at *3 (Tex. App.—San Antonio Sept. 15, 2015, no pet.) (mem. op.) (holding that when party has filed answer, she is entitled to forty-five days' notice of trial under Rule 245). The record reflects that prior to granting the default judgment, the trial court ordered Templeton's pleadings, which would include its answer, struck for failure to comply with the August 18, 2014 order to obtain new counsel. Thus, at the time the default judgment was heard and rendered, Templeton had no answer on file and the case was uncontested. As the trial court stated, "[S]ince [Templeton] ha[s]n't gotten an attorney as of this date, then I'll strike [its] answer, which lets . . . you go forward with a default." Because the case was uncontested, Rule 245, by its terms was inapplicable. *See* TEX. R. CIV. P. 245.

Moreover, the forty-five day requirement of Rule 245 applies only to *first* trial settings. *Id.*; *see In re R.M.R.*, No. 04-09-00253-CV, 2009 WL 4668899, at *3 (Tex. App.—San Antonio Dec. 9, 2009, pet. denied) (mem. op.) (holding Rule 245 does not require forty-five days' notice

for second setting or any subsequent setting); *In re B.W.F.*, No. 07-11-0511-CV, 2012 WL 2579328, at * 2 (Tex. App.—Amarillo June 29, 2012, no pet.) (mem. op.) (holding notice requirement of Rule 245 did not apply because setting in question was not first trial setting, but subsequent setting). After the first trial setting, even a contested case may be reset to a later date without forty-five days' notice — only reasonable notice is required.[2] TEX. R. CIV. P. 245; *see R.M.R.*, 2009 WL 4668899, at *3; *B.W.F.*, 2012 WL 2579328, at * 2. The clerk's record establishes the trial court signed an order on November 23, 2011, setting the case for trial at 9:00 a.m. on May 7, 2012. Thus, the October 15, 2014 default judgment hearing was not the first trial setting. Accordingly, we hold Rule 245 was inapplicable. *See* TEX. R. CIV. P. 245; *R.M.R.*, 2009 WL 4668899, at *3; *B.W.F.*, 2012 WL 2579328, at * 2.

### *Discrepancy in Order Setting Hearing*

Templeton next contends the default judgment must be reversed because service was defective. Templeton argues the order setting the hearing is facially invalid under Rule 21(d) of the Texas Rules of Civil Procedure. Templeton bases its argument on the fact that the date in the certificate of service is October 9, 2014, but the trial court did not sign the order until October 10, 2014.

Rule 21(a) requires that every pleading, plea, motion, or application to the court must be served on all other parties. TEX. R. CIV. P. 21(a). Rule 21(d) requires that the party or the attorney certify to the court that it has complied with Rule 21(a) "in writing over signature on the filed pleading, plea, motion, or application." *Id.* R. 21(d). This signed certification is the "certificate of service." *Id.*

---

[2] Templeton makes no argument regarding a lack of reasonable notice.

Here, Templeton contends that because the trial court did not sign the order setting the hearing until October 10th, the certificate of service was "facially invalid" because the attorney stated he served the order on Templeton on October 9th. Templeton points out Poenisch could not have served Templeton with an order on the 9th of October when the order was not signed until a day later.

We agree Poenisch could not have served Templeton with a signed copy of the order on October 9th given that the trial court did not sign the order until October 10th. However, Templeton fails to explain how this discrepancy resulted in a deprivation of due process, entitling it to a reversal, or how it rendered the judgment void. Templeton cites no authority, nor have we found any, to support this assertion.

Moreover, as Poenisch points out, the Texas Supreme Court has held that a default judgment is void with regard to defects in service when those defects are "so substantial that the defendant was not afforded due process." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). Even when service is defective, if the defect is not of a type that deprives a party of the opportunity to be heard, then the defect is insufficient to support an attack on the judgment. *Id.* The holdings in *Rivera* were in the context of a no answer default judgment, and although they were specifically related to citation defects, as opposed to defects in a certificate of service, we see no reason the logic of *Rivera* should not be applied in this context. Whatever the service defect, be it citation or otherwise, the ultimate issue is whether the defendant was afforded due process under the particular circumstances of the case. *See id.*

In this case, Templeton admits it received the order setting the default judgment hearing for October 15, 2014. The order, which Templeton admittedly received prior to the date of the hearing, provided Templeton with the correct time and place of the hearing and the relief sought by Poenisch. In sum, Templeton had notice of the when, where, who, and what with regard to the

default judgment hearing.  Thus, we fail to see how the error in the certificate of service was so substantial as to deprive Templeton of due process.  *See id.*  We therefore hold the error in the certificate of service is an insufficient basis for setting aside the default judgment.

CONCLUSION

Based on the foregoing analysis, we overrule Templeton's complaints regarding improper notice and invalid service.  Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice